LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29614

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DALE MARK FETALVERO, Petitioner-Apellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 08-1-0012(2) (Cr. No. 88-0058(2))

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Dale Mark Fetalvero (Fetalvero) appeals from the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief filed on January 20, 2009 in the Circuit Court of the Second Circuit (circuit court).[1]

On July 7, 1989, the circuit court convicted Fetalvero of Kidnapping, in violation of Hawaii Revised Statutes (HRS) § 707-720 (1976); Rape in the First Degree, in violation of HRS § 707-730 (1985) (§ 707-730 was repealed in 1986); and Murder, in violation of HRS § 707-701 (1976).

On July 23, 1990, the Hawai'i Supreme Court affirmed Fetalvero's convictions in No. 14013.

On August 17, 1993, Fetalvero filed a Petition for Post-Conviction Relief, pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (HRPP) (First Petition).  The circuit court denied the First Petition on November 17, 1993.  Fetalvero did not appeal the denial of the First Petition.

---

[1]  The Honorable Shackley F. Raffetto presided.

On July 21, 2008, Fetalvero filed a Petition for Post-Conviction Relief, pursuant to HRPP Rule 40 (Second Petition). In the Second Petition, Fetalvero asserted that:

A.      Ground one: Petitioner was denied the fundamental
        right to a jury trial In violation of Art.
        1, § 2, 5, 10, 14 of the Haw. Const. And
        U.S. const. 6 Amend.
        . . . .

        Petitioner did not waived his right to a jury trial
        and was therefore denied and subsequently userped his
        fundamental right to a jury trial

B.      Ground two: The sentence of petitioner is illegal as
                    there were only Multiple terms impose at
                    the same time which by statute HRS § 706-
                    668.5 runs concurrent.
        . . . .

        The sentencing court sentenced the petitioner to 3
        consecutive terms of life/w parole and 5 years each
        mandatory terms of imprisonment. Under current and
        prior laws consecutive and mandatory sentencing were
        illegal.

C.      Ground three: Petitioner's extended terms of
        imprisonment is illegal on its face, as deemed by
        Hawai'i Supreme Court.
        . . . .

        Unconstitutional challenge to prior sentencing statute
        is deemed illegal and has no force and effect Ab
        initio and void.

D.      Ground four: The priciple charge of the crimes was
        Kidnapping and murder cannot be a secondary or third
        part of the serious offense.
        . . . .

        The charges are erroneous because the fist [sic]
        charge is Kidnapping and not murder there is no degree
        of murder i.e 1st° 2nd° murder What? its defective and
        should be thrown out.

On January 20, 2009, the circuit court issued its Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief, denying the Second Petition without a hearing. The circuit court concluded that Ground One had been previously ruled upon; Grounds Two and Four had no colorable basis, were patently frivolous, and were without

2

a trace of support in the record; and Ground Three had been waived.

On appeal, Fetalvero's only point of error is that his consecutive sentences were illegal pursuant to HRS §§ 706-668.5 (1993) and 706-606 (1993).[2] Fetalvero vaguely alleges that the indictment should have put him on notice that he could receive consecutive sentences.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Fetalvero's appeal is without merit.

HRPP "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived." HRPP Rule 40(a)(3). Furthermore, imposition of consecutive sentences upon Fetalvero did not violate his constitutional rights. State v. Kahapea, 111 Hawai'i 267, 278-80, 141 P.3d 440, 451-53 (2006); Oregon v. Ice, __ U.S. __, 129 S. Ct. 711, 716-19 (2009).

Therefore,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order Denying Petition For Post-

---

[2] Although Fetalvero states that the circuit court sentenced him pursuant to HRS § 706-606.5 (Sentencing of Repeat Offenders), the circuit court actually sentenced him pursuant to HRS § 706-606. The circuit court did not sentence Fetalvero as a repeat offender.

Conviction Relief filed on January 26, 2009 in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 22, 2010.

On the briefs:

Dale Mark Fetalvero,
Petitioner-Appellant pro se.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

4